## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HERMINIO DIAZ PEREZ
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

SOUSSI, INC.
d/b/a SOUSSI RESTAURANT
2228 18th Street NW
Washington, DC 20009

SOFIA GRACE
a/k/a SOFIA SAROUIDI
14804 Stonegate Terrace
Silver Spring, MD 20905

      Defendants.

Civil Action No. _____

## COMPLAINT

1.     Plaintiff worked at Defendants' Moroccan restaurant, "Soussi." While he worked at Soussi, Defendants did not pay him the D.C. minimum wage and overtime wages.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5.      Plaintiff Herminio Diaz Perez is an adult resident of the District of Columbia.

6.      Defendant Soussi, Inc. is a District of Columbia corporate entity. It does business as Soussi Restaurant. Its principal place of business is located at 2228 18th Street NW, Washington, DC 20009. Its registered agent for service of process is Jamal Sahri, 2228 18th Street NW, Washington, DC 20009.

7.      Defendant Sofia Grace is an adult resident of Maryland. She resides at 14804 Stonegate Terrace, Silver Spring, MD 20905. She is an owner and officer of Defendant Soussi, Inc. She exercises control over the operations of Soussi, Inc. — including its pay practices.

## Factual Allegations

8.      Defendants own and operate the restaurant "Soussi," located at 2228 18th Street NW, Washington, DC 20009.

9.      Plaintiff worked at Soussi from approximately June 3, 2017 through approximately August 11, 2019.

10.     Plaintiff worked at Soussi as a kitchen laborer.

11.     Plaintiff's job duties at Soussi primarily consisted of washing dishes, preparing hookahs, and cleaning the restaurant.

12.     Plaintiff typically and customarily worked six days per week.

13.     Plaintiff typically and customarily worked approximately 61.5 hours per week.

14.    Plaintiff typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Hours Worked** |
|---|---|---|---|
| Monday | *Off* | | |
| Tuesday | 2:00 p.m. | 11:30 p.m. | 9.50 |
| Wednesday | 2:00 p.m. | 11:30 p.m. | 9.50 |
| Thursday | 2:00 p.m. | 11:30 p.m. | 9.50 |
| Friday | 2:00 p.m. | 1:45 a.m. | 11.75 |
| Saturday | 2:00 p.m. | 1:45 a.m. | 11.75 |
| Sunday | 2:00 p.m. | 11:30 p.m. | 9.50 |
|  |  |  | **61.50 hours** |

15.    At all relevant times, Defendants paid Plaintiff by the hour.

16.    Defendants paid Plaintiff approximately the following hourly rates:

| **Approximate Dates** | **Hourly Rates** |
|---|---|
| Jun. 03, 2017–Jun. 30, 2018 | $12.50 |
| Jul. 01, 2018–Aug. 11, 2019 | $13.25 |

17.    But when Plaintiff worked more than forty hours in a workweek, Defendants paid Plaintiff a reduced hourly rate for his hours over forty.

18.    At all relevant times, Defendants paid Plaintiff approximately $9.00 per hour for all hours worked above forty in a workweek.

19.    At all relevant times, Defendants paid Plaintiff with two checks. The first check was for Plaintiff's regular hours. The second check was for Plaintiff's overtime hours.

20.    At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

21.    Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

22.    Defendants paid Plaintiff an hourly rate for his overtime hours that was less than his regular hourly rate.

23.     In addition to not paying overtime wages, Defendants did not always pay Plaintiff the applicable D.C. minimum wage.

24.     The District of Columbia required that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

25.     For example, as seen on the following paystub, for the semimonthly pay period of August 1–15, 2019, Defendants paid Plaintiff for eighty hours at an hourly rate of $13.25.

00881
Company Code    Loc/Dept    Number    Page
RJ / SV7 21259889    01/    22186    1 of 1
SOUSSI INC
2228 18TH ST NW
WASHINGTON, DC 20009

**Earnings Statement**    ADP

Period Starting:    08/01/2019
Period Ending:    08/15/2019
Pay Date:    08/16/2019

Taxable Marital Status:    Single
Exemptions/Allowances:    Tax Override:
  Federal:    3        Federal:
  State:    3        State:
  Local:    0        Local:
Social Security Number:    XXX-XX-XXXX

**Herminio D Perez**
**1466 Columbia Road NW**
**Washington, DC 20009**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 13.2500 | 80.00 | 1060.00 | 17080.00 |
| Gross Pay | | | **$1,060.00** | $17,080.00 |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 80.00 | 1280.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -37.67 | 616.02 |
| Social Security | -65.72 | 1058.96 |
| Medicare | -15.37 | 247.66 |
| District of Columbia State | -24.14 | -393.44 |
| Net Pay | **$917.10** | |

26.    Moreover, Plaintiff worked more than just eighty hours from August 1–15, 2019. As shown by the following timesheet, Plaintiff worked at least 91.74 hours during that period.

```
              TIME SHEET

Pay period:   08/01/19 - 08/15/19
Printed:      08/12/19  1:58 PM

Employee:     HERMINIO (26)
-------------------------------------
LOGIN:        LOGOUT:  JOB:   HOURS:
-------------------------------------
08/01  2:04 PM 11:38 PM Dishwash   9.57
08/03  1:39 AM  1:39 AM Dishwash   0.01
08/03  2:06 PM  1:56 AM Dishwash  11.83
08/04  2:13 PM 11:24 PM Dishwash   9.17
08/06  2:31 PM 11:56 PM Dishwash   9.42
08/07  1:44 PM 11:23 PM Dishwash   9.65
08/08  1:54 PM 11:30 PM Dishwash   9.60
08/09  2:14 PM  1:38 AM Dishwash  11.41
08/10  2:07 PM  1:46 AM Dishwash  11.65
08/11  2:14 PM 11:40 PM Dishwash   9.43
-------------------------------------
              Total Hours:        91.74
```

27.    Defendants owe Plaintiff approximately $25,621.05 in minimum and overtime wages (excluding liquidated damages).

28.    Defendant Sofia Grace personally hired Plaintiff

29.    Defendant Sofia Grace personally fired Plaintiff.

30.    Defendant Sofia Grace personally supervised Plaintiff.

31.    Defendant Sofia Grace set Plaintiff's work schedule.

32.    Defendant Sofia Grace set Plaintiff's hourly rate.

33.    Defendant Sofia Grace typically and customarily signed Plaintiff's paychecks.

34.    Defendant Sofia Grace handed Plaintiff his paychecks.

35.    At all relevant times, Defendants had the power to hire and fire Plaintiff.

36.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

37.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

38.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

39.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in any one workweek.

40.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

41.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

42.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

43.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

44.     At all relevant times, Defendants had employees who handled food products, such as chicken, shrimp, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

45.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

47.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C.

§ 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

48.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

49.     Defendants' violations of the FLSA were willful.

50.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

51.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

52.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

53.     The DCMWA required that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

54.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

55.     Defendants violated the DCMWA by knowingly failing to pay the required D.C. minimum wage to Plaintiff.

56.    Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

57.    Defendants' violations of the DCMWA were willful.

58.    For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and over-time wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

59.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

60.    Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

61.    The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

62.    The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

63.    For purposes of the DCWPCL, "wages" include, among other things, minimum and over-time wages. D.C Code § 32-1301(3).

64.    Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

65.    Defendants' violations of the DCWPCL were willful.

66.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**102,884.20**, and grant the following relief:

a.      Award Plaintiff $102,484.20, consisting of the following overlapping elements:

    i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.     unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: October 10, 2019                                    Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*